UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22895-CIV-ALTONAGA/Damian

JESUS ROCK MINISTRIES,
INC.,

    Plaintiff,
v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Scottsdale Insurance Company's Motion for Summary Judgment [ECF No. 50], filed on August 22, 2023. Plaintiff, Jesus Rock Ministries, Inc. filed a Response [ECF No. 51]; to which Defendant filed a Reply [ECF No. 54]. The Court has carefully considered the record, the parties' written submissions,[1] and applicable law. For the following reasons, the Motion is granted.

## I. BACKGROUND

This is an action for damages arising from losses Plaintiff sustained during Hurricane Irma in September 2017. (*See* SOF ¶ 2; Resp. SOF ¶ 2). At the time of the losses, Plaintiff's property was insured under a policy issued by Defendant. (*See* SOF ¶ 1; Resp. SOF ¶ 1). The policy provided information about how to report claims (*see* SOF ¶¶ 13–17), notice requirements (*see id.* ¶ 18), limitations on legal actions (*see id.* ¶ 20), and limitations on coverage (*see id.* ¶¶ 21–22).

---

[1] The parties' factual submissions include Defendant's Statement of Undisputed Material Facts [ECF No. 49] ("SOF"); Plaintiff's Response to Defendant's Statement of Undisputed Material Facts [ECF No. 52] ("Resp. SOF"); and Defendant's Reply Statement of Undisputed Material Facts [ECF No. 53] ("Reply SOF").

Although Plaintiff "notified Defendant's agent of the loss a day or two after the date of loss" (Resp. SOF ¶ 19 (citation omitted)), Plaintiff did not notify Defendant directly until August 2020 (*see* SOF ¶ 9). Once Defendant was directly notified, it sent an independent claim adjuster to inspect the property. (*See* SOF ¶¶ 11–12; Resp. SOF ¶¶ 11–12). Defendant's expert, relying on the inspection report, concluded there may have been causes of the damage that were "completely unrelated to Hurricane Irma" but noted that his "conclusions and opinions were based on the limited information available to him at the time of his Report." (SOF ¶¶ 27, 31–32; Resp. SOF ¶¶ 27, 31–32).

Plaintiff filed an initial Complaint [ECF No. 1] on September 9, 2022, and an Amended Complaint [ECF No. 12] on September 16, 2022, alleging that Defendant "failed to timely evaluate and pay the benefits owed to [] Plaintiff under the terms of the insurance policy issued by [] Defendant." (Am. Compl. ¶ 12 (alterations added)). Plaintiff alleges that this "failure to comply" caused "damages including, but not limited to, additional property damage." (*Id.* ¶ 14).

Defendant filed its Answer and Affirmative Defenses [ECF No. 31] ("Answer & Aff. Defenses") on February 24, 2023, asserting eight affirmative defenses. Relevant here, Defendant alleges that the losses were not covered by its policy (*see id.* 4–7); "Plaintiff [] failed to comply with the conditions in the policy," resulting in prejudice to Defendant (*id.* 7–8 (alteration added)); and "Plaintiff [] failed to provide mandatory pre-suit notice of the claim" (*id.* 8 (alteration added)).[2]

Defendant now seeks summary judgment on two grounds. (*See generally* Mot.). It argues that summary judgment is appropriate because Plaintiff filed its Complaint without first submitting a statutorily required pre-suit notice. (*See id.* 3–7). According to Defendant, because Plaintiff failed to abide by the pre-suit notice requirement, the action must be dismissed. (*See id.* 7).

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Defendant also argues that Plaintiff failed to comply with the policy's reporting requirements (*see id.* 7–12); and this failure both gives rise to a presumption of prejudice and, in this case, resulted in actual prejudice (*see id.* 12–16).

In response, Plaintiff makes four arguments: (1) the pre-suit notice requirement does not apply (*see* Resp. 2–13); (2) whether it complied with the policy raises material questions of fact that a reasonable jury could still resolve in its favor, making summary judgment inappropriate (*see id.* 13–16); (3) there is no presumption of prejudice (*see id.* 17–18); and (4) whether prejudice exists cannot be determined without resolving factual disputes and making credibility determinations that are inappropriate by summary judgment (*see id.* 18–20).

## II.  LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment may be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. *See id.* 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court draws all reasonable inferences in favor of the party opposing summary judgment. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).

If the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by: (1) establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim and (2) showing the Court there is

insufficient evidence to support the non-moving party's case. *See Blackhawk Yachting, LLC v. Tognum Am., Inc.*, No. 12-Civ-14209, 2015 WL 11176299, at *2 (S.D. Fla. June 30, 2015). "Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must cite to . . . materials in the record or show that the materials cited do not establish the absence or presence of a genuine dispute." *Id.* (alteration added; quotation marks omitted; quoting Fed. R. Civ. P. 56(c)(1)).

### III. DISCUSSION

Defendant first argues that summary judgment should be entered because Plaintiff failed to comply with a statutory pre-suit notice requirement. (*See* Mot. 3–7). Plaintiff concedes "[t]here are no material facts in dispute as to [this] argument" because "Plaintiff did not file a pre-suit notice[.]" (Resp. 2 (alterations added)). The only issue, therefore, is whether, as a matter of law, Plaintiff was required to provide such notice; Plaintiff maintains that it was not. (*See id.* 3). Because the Court disagrees and thus grants summary judgment for Defendant, it does not reach the remaining arguments

Insurance claimants are required to "provide the [Florida Department of Financial Services] with written notice of intent to initiate litigation . . . . at least 10 business days before filing suit under the policy[.]" Fla. Stat. § 627.70152(3) (alterations added). This statutory requirement became effective in July 2021. (*See* Resp. 6). The policy in this case went into effect in July 2017 (*see* SOF ¶ 1; Resp. SOF ¶ 1); consequently, Plaintiff argues that the requirement cannot be retroactively applied to it (*see* Resp. 3–13). Defendant insists that state law now mandates retroactive application of the pre-suit notice requirement, and Defendant is entitled to summary judgment as a result. (*See* Mot. 3–7; Reply 2–4).

Florida courts apply a two-pronged test to determine whether a statute should apply

4

retroactively: "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873, 877 (Fla. 2010) (citing *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)).

The Court recognizes, as it has in the past, that there existed a "growing consensus among lower courts" that the pre-suit notice requirement could not be applied retroactively. *See Carmichael v. Lexington Ins. Co.*, No. 22-62196-Civ, Order on Motion to Dismiss [ECF No. 17] 5, filed Jan. 17, 2023 (S.D. Fla. 2023); *see also Dozois v. Hartford Ins. Co. of the Midwest*, 595 F. Supp. 3d 1204, 1208 (M.D. Fla. 2022) (holding it is impermissible for courts to retroactively apply section 627.70152(3) because the statute "imposes new duties, obligations, and penalties"); *Rosario v. Scottsdale Ins. Co.*, No. 21-24005-Civ, 2022 WL 196528, at *1–*3 (S.D. Fla. Jan. 21, 2022) (same); *Broward Design Ctr., Inc. v. Scottsdale Ins. Co.*, No. 22-cv-60613, 2022 WL 1125787, at *1 (S.D. Fla. Apr. 15, 2022) (same); *Villar v. Scottsdale Ins. Co.*, No. 22-cv-21362, 2022 WL 3098912, at *4–*5 (S.D. Fla. Aug. 3, 2022) (same); *Bharratsingh v. Lexington Ins. Co.*, No. 22-cv-60037, 2022 WL 3279537, at *1 (S.D. Fla. Aug. 10, 2022) (same); *O'Kelley v. Lexington Ins. Co.*, No. 22-cv-21218, 2022 WL 17583683, at *4–*5 & *5 n.1 (S.D. Fla. Sept. 16, 2022) (same); *Williams v. Foremost Prop. & Cas. Ins. Co.*, 619 F. Supp. 3d 1161, 1164–66 (M.D. Fla. 2022) (same).

Courts reaching this conclusion did so largely based on the second prong — whether retroactive application violates any constitutional principles. "Generally, due process considerations prevent the State from retroactively abolishing vested rights." *Metro. Dade Cnty.*, 737 So. 2d at 503 (citation omitted). Therefore, under Florida law, courts cannot apply a new law

5

or change in the law retroactively if it is "substantive," as opposed to "procedural." *Weingrad v. Miles*, 29 So. 3d 406, 409 (Fla. 3d DCA 2010), *rev'd on other grounds* 164 So. 3d 1208 (Fla. 2015). In other words, a change in the law will not apply retroactively if it alters substantive "duties and rights" rather than the procedural "means and methods to enforce those duties and rights." *Id.* Florida courts "will reject [retroactive] application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez*, 35 So. 3d at 877 (alteration added; citation and footnote call number omitted). Most courts previously concluded that section 627.70152 "imposes new duties, obligations, and penalties;" and thus considered it a substantive, rather than procedural, law that did not apply retroactively. *Dozois*, 595 F. Supp. 3d at 1208.

Since those decisions issued, however, state law has changed. As Defendant notes, a recent decision from Florida's Fourth District Court of Appeal reached the opposite conclusion. (*See* Mot. 4 (citing *Cole v. Universal Property & Casualty Insurance Company*, 363 So. 3d 1089, 1093 (Fla. 4th DCA 2023)). In *Cole*, the court found "the legislature expressed a clear intent for the statute to apply retroactively" and concluded that the "litany of notification requirements" in section 627.70152 "add[s] up to provisions related to process and procedure." 363 So. 3d at 1093 (alteration added).

Admittedly, this outcome is in tension with nearly all the federal courts that have considered the issue, including the undersigned. Understandably, Plaintiff argues that "*Cole* was decided wrongly" and persuasive reasons exist for the Court to decide the issue differently. (Resp. 2 (citation omitted)). Plaintiff denies that either the language or the purpose of section 627.70152 suggests the Legislature intended for retroactive application. (*See id.* 6–11). It also argues that the statute is substantive rather than procedural and thus "cannot be applied

retroactively . . . regardless of the legislative intent." (*Id.* 13 (alteration added)).[3] As Defendant correctly explains, however, the Court is not in a position to disagree with *Cole*. (*See* Mot. 4–5).

"[T]he rule is that, absent a decision from the state supreme court on an issue of state law, [federal courts] are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002) (alterations added; citations omitted). "That rule is . . . particularly appropriate in Florida, where the state's highest court has held that 'the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by the Florida Supreme Court.'" *Id.* (alteration added; other alterations adopted; quoting *Pardo v. State*, 596 So.2d 665, 666 (Fla. 1992)). "This rule applies even where, as here, there is only one intermediate appellate decision." *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F. 4th 960, 965 (11th Cir. 2023) (citations omitted).

*Cole* is dispositive of the issue presented by Defendant's Motion. The only factual difference between *Cole* and this case is that the policy in *Cole* was still in effect when the pre-suit notice requirement was enacted, *see Cole*, 363 So. 3d at 1093; whereas the policy here had already expired (*see* SOF ¶ 1; Resp. SOF ¶ 1). Nothing in the reasoning of *Cole* indicates that this difference would affect application of the requirement, *see* 363 So. 3d at 1093, and Plaintiff does not argue that it should (*see generally* Resp.). According to *Cole*, the pre-suit notice requirement is intended to apply retroactively and, because it is entirely procedural, it can.[4] *See* 363 So. 3d at

---

[3] Plaintiff further states that the Motion should be denied because the operative date to consider is the effective date of the insurance policy and not the pre-suit notice requirement's effective date. (*See* Resp. 4). The Court agrees that its analysis should look to the insurance policy's effective date. *See Menendez*, 35 So. 3d at 876.

[4] The parties do not dispute that the pre-suit notice requirement, if it is procedural, would apply in federal court. (*See generally* Mot.; Resp.; Reply). Typically, a federal court sitting in diversity applies state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Nevertheless,

7

1093–95.

There is no "persuasive indication" that the Florida Supreme Court would overturn *Cole*. *McMahan*, 311 F.3d at 1080. *Cole*'s first conclusion — that the legislature intended for section 627.70152 to apply retroactively — is based on the statute's plain language. *See* 363 So. 3d at 1093. The Court is persuaded by *Cole*'s reasoning.

Section 627.70152(a) covers "all suits arising under a residential or commercial property insurance policy[.]" Fla. Stat. § 627.70152(1) (alteration added). Plaintiff makes no arguments and cites no cases suggesting that *Cole*'s reading of the statutory language is somehow untenable. Instead, it argues simultaneously that "legislative intent is not apparent from the statutory language; "the statutory language is clear and unambiguous"; "there is no statement by the Legislature that the statute was to apply retroactively"; and "the intent of the Florida Legislature was to *not* have [section] 627.70152 apply retroactively." (Resp. 7, 10–11 (alteration added; emphasis in original)).[5]

---

a federal court can apply a state statute, despite its procedural nature, if there is no on-point Federal Rule of Civil Procedure and not applying the law would "lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349 (11th Cir. 2018) (quotation marks and citation omitted). It appears likely that "a failure to apply the pre-suit notice requirement in federal court" could encourage forum shopping and "inequitable administration of law[.]" *Pearson v. Scottsdale Ins. Co.*, No. 22-cv-1530, 2023 WL 4419725, at *3 n.4 (M.D. Fla. July 10, 2023) (alteration added). Given the parties' apparent agreement that the statute applies here, procedural or not, the Court does not consider the issue further. *See id.*

[5] Plaintiff briefly cites a case stating that "'inclusion of an effective date . . . rebuts any argument that retroactive application of the law was intended.'" (Resp. 7 (alteration added; quoting *Fla. Dep't of Revenue v. Zuckerman-Vernon Corp.*, 354 So. 2d 353, 358 (Fla. 1977))). The Florida Supreme Court has clarified, however, that this is not an "unbending principle" and "clearly expressed legislative intent" will prevail. *Metro. Dade Cnty.*, 737 So. 2d at 502. Indeed, the inclusion of an effective date has been overcome by similar use of the word "any[.]" *Fla. Hosp. Waterman, Inc. v. Buster*, 984 So. 2d 478, 487–88 (Fla. 2008) (alteration added; quotation marks and citation omitted) (finding that constitutional amendment giving "patients" — defined to include previous patients — "a right to have access to *any* records" was intended to apply retroactively despite the inclusion of an effective date (emphasis added; quoting Fla. Const. art. X, § 25(a))). Given the similarities between "any" and "all," the Court is not convinced that *Cole* would be overturned on the basis of the effective date.

To these conclusory and contradictory assertions, Plaintiff adds a series of policy arguments that overlap with its arguments addressing the second prong of the retroactivity test. (*See* Resp. 6–11). Plaintiff maintains that "the courts have become confused" and, in seeking to understand the Legislature's intent, should consider the "sweeping change [made] to the personal property insurance scheme." (Resp. 7–9 (alterations added)). Plaintiff's own description of the statute is that it was intended "to reduce litigation costs for the state and insurance companies"; "force some insureds to leave their current carrier"; and "create[] incentive to resolve [disputes] without resort to litigation and . . . to encourage good faith resolution." (Resp. 8–9 (alterations added)). Even acknowledging that "the purpose of the enactment must be considered" when determining legislative intent as to retroactivity, *Metro. Dade Cnty.*, 737 So. 2d at 500 (citations omitted) — and even assuming Plaintiff describes the statute's purposes accurately — the Court is not convinced those purposes prevent retroactive application. Retroactive application of a pre-suit notice requirement does not defeat Plaintiff's suggested purposes but in fact furthers them by increasing the number of cases that can be resolved without litigation. After considering the statute's text and purpose, the Court is not persuaded the Florida Supreme Court would disagree with *Cole*'s conclusion that the Legislature intended section 627.70152 to apply retroactively.

Further, although Plaintiff argues that *Cole*'s conclusion on the second prong — that section 627.70152 is procedural — presents a potential conflict with the Florida Supreme Court's decision in *Menendez* (*see* Resp. 3–6, 13), the Court is not persuaded that the Florida Supreme Court would decide this issue differently either.[6] In *Menendez*, the Florida Supreme Court

---

[6] Plaintiff also recognizes that "the issue has not yet been addressed by any other District Court of Appeal, nor by the Florida Supreme Court." (Resp. 2). While Plaintiff urges the Court to "examine the issue to see if there are persuasive reasons . . . to decide the issue differently" (*id.* (alteration added)), the only proper inquiry considering an intermediate appellate court decision is whether "there is some persuasive indication that *the highest court of the state* would decide the issue differently." *McMahan*, 311 F.3d at 1080 (emphasis added; citations omitted).

concluded that a pre-suit notice requirement for certain insurance cases was substantive. *See* 35 So. 3d at 879–80. It identified several "problematic provisions" that imposed penalties, affected the recovery of attorney's fees, altered the timeline for payment of benefits, and delayed the right of claimants to sue. *Id.* at 878.

*Cole* specifically distinguished *Menendez*, noting that the pre-suit notice requirement in this case "does not contain any of the same problematic characteristics[.]" 363 So. 3d at 1095 (alteration added). Ultimately, "*Menendez* involved a fundamentally different statutory framework, which includes 'swift and virtually automatic' right of the insured to recovery" of certain benefits; "[t]he same considerations are not implicated in [section 627.70152(3)]." *Id.* (alterations added; quoting *Menendez*, 35 So. 3d at 877). In concluding that the pre-suit notice requirement here is procedural, *Cole* followed the interpretative framework in *Menendez* and did not clearly contradict it.[7] *See* 363 So. 3d at 1094–95. There is thus no persuasive indication that the Florida Supreme Court would disagree with the outcome.

It is certainly possible that the Florida Supreme Court could reverse *Cole*; but as it stands, Plaintiff has only made a case that "the Florida Supreme Court could rule contrary to the appellate court's decision[,]" not "that it actually would change the law." *Weiss v. City of Gainesville, Fla.*, 462 F. App'x 898, 908 (11th Cir. 2012) (alteration added; citation omitted). This is not enough.

---

[7] The Court recognizes that section 627.70152 also altered plaintiffs' entitlement to attorney's fees, *see* Fla. Stat. § 627.70152(8); and the right to attorney's fees is a substantive one, *see Menendez*, 35 So. 3d at 878. As in *Cole*, however, this provision is not at issue in this case and "does not act as a bar to enforcement of another provision that is able to be applied retroactively." 363 So. 3d at 1094 (citing *Lawnwood Med. Ctr., Inc. v. Seeger*, 990 So. 2d 503, 518 (Fla. 2008); *Leapai v. Milton*, 595 So. 2d 12, 15 (Fla. 1992)); *see also Arlen House Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 22-cv-23649, 2023 WL 5992142, at *10 (S.D. Fla. Sept. 15, 2023) (agreeing with *Cole*); *Pearson*, 2023 WL 4419725, at *3 (same). Further, although the attorney's fees provision existed at the time of enactment, *see* Fla. Stat. § 627.70152(8) (2021), the Legislature amended the statute effective December 16, 2022 and deleted the entire subsection (8) dealing with attorney's fees, *see* Ch. 2022-271, § 17, Fla. Laws; Fla. Stat. § 627.70152 (2022).

Nor is it enough that the undersigned previously reached a different conclusion or could reach a different conclusion in this case. "The fact that [federal courts] decided the issue differently is not a persuasive indication that the Florida Supreme Court would agree with [them] and not with one of its own intermediate appellate courts, which presumably knows more about Florida law[.]" *McMahan*, 311 F.3d at 1080 (alterations added).

The Court is bound by *Cole* "whether or not [it] agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983) (alteration added; citations omitted); *see also CodeVentures, LLC v. Vital Motion Inc.*, No. 22-11288, 2023 WL 2644173, at *3 (11th Cir. Mar. 27, 2023) (recognizing that court is bound by state intermediate appellate courts even if it "disagree[s] with [their] reasoning" (alterations added)). It is worth noting that two federal district courts have already followed *Cole*. *See Arlen House Condo. Ass'n, Inc.*, 2023 WL 5992142 at *10 (finding "no indication" that Florida Supreme Court would overturn *Cole*); *Pearson*, 2023 WL 4419725 at *3 (same).

In short, *Cole* is a binding change in Florida state law, and the Court has "the authority, power, and duty to . . . comport with the latest word from the Florida courts[.]" *McMahan*, 311 F.3d at 1081 (alterations added). Accordingly, the Court grants Defendant summary judgment on its defense of Plaintiff's failure to provide pre-suit notice under section 627.70152(3) and dismisses the case without prejudice.[8]

---

[8] Defendant argues that the Court should dismiss the case with prejudice "because the pre-suit notice can no longer be timely served." (Mot. 5). The statute, however, expressly states that if the pre-suit notice requirement is not met, "[a] court must dismiss without prejudice[.]" Fla. Stat. § 627.70152(5) (alterations added). Defendant does not cite any authority to support its argument that the Court can and should deviate from this statutory directive. (*See generally* Mot.; Reply).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Scottsdale Insurance Company's Motion for Summary Judgment **[ECF No. 50]** is **GRANTED**. The Amended Complaint **[ECF No. 12]** is **DISMISSED without prejudice**. All pending motions are denied as moot.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of October, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record